UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
NEWARK DIVISION

_____

**HAPAG-LLOYD (AMERICA), LLC,** :
**as agent for HAPAG-LLOYD** :
**AKTIENGESELLSCHAFT, HAMBURG** :
                               :
              Plaintiff, :
       vs. :
                               :
**TRIDENT TRANSPORT GROUP, LLC** :
                               :
            Defendant(s). :    **CIVIL COMPLAINT**
_____X    **CONTRACT**

      Plaintiff, Hapag-Lloyd (America), LLC, as agent for Hapag-Lloyd Aktiengesellschaft, Hamburg, by its attorney, Bryan D. Press, Esq., as and for its Complaint against defendant(s), Trident Transport Group, LLC, <u>in</u> <u>personam</u>, in a cause of action civil and maritime, alleges upon information and belief:

## JURISDICTIONAL ALLEGATIONS

      1.    As the matter in controversy exceeds, exclusive of interest and costs, the sum of $75,000.00.

      2.    This Court has original jurisdiction of this action on the basis of diversity of citizenship pursuant to 28 U.S.C. § 1332(a)(2). Alternatively, this matter is for demurrage, port fees and per diems, which brings this matter under admiralty and maritime jurisdiction pursuant to 28 U.S.C. §§1333.

## VENUE

      1.    This Court has venue over this matter because both plaintiff and defendant(s) reside and/or do business within the United States of America, and/or, the contract between the parties is governed by the laws of the United States of America.

## PARTIES

1. At all times hereinafter mentioned, plaintiff, Hapag-Lloyd (America), LLC, as agent for Hapag-Lloyd Aktiengesellschaft, Hamburg, was and still is a corporation duly organized and existing under the laws of the State of New Jersey with offices and a principal place of business at 399 Hoes Lane, Piscataway, New Jersey 08854.

2. Upon information and belief and at all times hereinafter mentioned, defendant, Trident Transport Group, LLC, was and is a corporation entitled to do business in the State of Oregon, with a principal place of business at 15810 SW Sundew Drive, Tigard, Oregon 97223.

3. To the best of plaintiff's knowledge, information and belief, Defendant is a bonded Ocean Transportation Intermediary/ocean Freight Forwarder under 46 CFR 512 and 46 CFR 515, and licensed by the Federal Maritime Commission. Defendant holds itself out as being experienced in ocean freight transactions, and is or should be cognizant of the duties that attach to being named as a party to a Bill of Lading.

## FIRST COUNT

1. Plaintiff repeats and realleges each and every material fact and allegation contained in the preceding paragraphs, as if fully set forth herein verbatim.

2. In February 2019, March 2019 and April 2019, certain goods belonging to defendant(s) and/or its nominee(s) and/or its consignee(s) and/or its customer(s) were delivered to plaintiff who arranged and assumed common carrier responsibility to dray, load, pack and transport the goods to the port(s) of destination designated by defendant(s) pursuant to the Bill(s) of Lading entered between plaintiff and defendant(s). Pursuant to the terms of the Bill(s) of Lading, defendant is a Merchant. True and correct copies of the Bills of Lading are annexed hereto as Exhibit "A"

3. Upon information and belief, defendant(s) was and is acting as a Non-Vessel Operating Common Carrier ("NVOCC") and/or Ocean Transportation Intermediary ("OTI") as defined in 46 CFR 512.5 as to these shipments under the Bill(s) of Lading attached hereto as Exhibit "A", and, acted at all times relevant as the shipper to plaintiff's bill(s) of lading, and as such, agreed to pay all freight, drayage, loading, accessorial, and other charges incident to the transportation of defendant(s)' and/or its nominee(s)' goods to their ultimate destination(s).

4. Upon information and belief, plaintiff's bill(s) of lading served as defendant(s)' document(s) of title, receipt(s) of the goods transported by plaintiff, and contract(s) of carriage between plaintiff and defendant(s).

5. Upon information and belief, defendant(s)' goods were transported to defendant(s) at the port(s) of destination and defendant(s) received payment for its goods.

6. Due to the defendant(s)' and/or its nominee(s) and/or its consignee(s) and/or its customer(s)' failure to retrieve the goods from the ports of destination, defendant(s) is(are) responsible for all port fees, detention charges, accessorial charges and dunnage, pursuant to the Bill(s) of Lading in the amount of $176,569.90.  True and correct copies of the invoice(s) are annexed hereto as Exhibit "B".

7. Plaintiff has duly performed all duties and obligations required to be performed by plaintiff under the Bill(s) of Lading.

8. Defendant(s) has(have) breached the terms of the Bill(s) of Lading by failing and refusing to remit payment of $176,569.90 to plaintiff, although duly demanded.

9. By reason of the foregoing and of the failure and refusal of defendant(s) to remit payment, plaintiff has been damaged in the principal sum of $176,569.90, plus attorneys' fees

and costs of suit as provided for under the terms of the Bill(s) of Lading annexed hereto as Exhibit A, including, but not limited to, Sections 12, 15 and 19 .

## SECOND COUNT

1. Plaintiff repeats and realleges each and every material fact and allegation set forth in the preceding paragraphs, as if fully set forth herein verbatim.

2. There is due from the defendant(s) the sum of $176,569.90, on a certain book account, a true copy of which is annexed hereto as Exhibit "B".

3. Payment of the aforesaid sum has been demanded and refused.

## THIRD COUNT

1. Plaintiff repeats and realleges each and every material fact and allegation set forth in the preceding paragraphs, as if fully set forth herein verbatim.

2. Plaintiff sues the defendant(s) for goods sold and delivered and/or services rendered by the plaintiff to defendant(s), upon the promise by the defendant(s) to pay the agreed amount as set forth in Exhibits "A" and "B" annexed hereto.

3. Payment has been demanded and refused.

## FOURTH COUNT

1. Plaintiff repeats and realleges each and every material fact and allegation set forth in the preceding paragraphs, as if fully set forth herein verbatim.

2. The plaintiff sues the defendant(s) for the reasonable value of goods sold and delivered and/or services rendered by the plaintiff to the defendant(s) upon the promise of the defendant(s) to pay a reasonable price for same, as set forth in Exhibits "A" and "B" annexed hereto.

3. Payment of the aforesaid sum has been demanded and refused.

### FIFTH COUNT

1. Plaintiff repeats and realleges each and every material fact and allegation set forth in the preceding paragraphs, as if fully set forth herein verbatim.

2. The defendant(s), being indebted to the plaintiff in the sum of $176,569.90, upon account stated between them, did promise to pay the plaintiff said sum upon demand.

3. Payment has been demanded and has not been made.

### DAMAGES

1. By reason of the foregoing, plaintiff has sustained damages in the amount of $176,569.90 which, although duly demanded, have not been paid.

WHEREFORE, plaintiff prays for:

A. Judgment in favor of the plaintiff in the amount of plaintiff's damages of $176,569.90, together with interest thereon, as well as costs, disbursements and a reasonable attorney's fees;

B. Judgment in favor of the plaintiff for punitive damages for breach of contract;

C. That process in due form of law according to the practice of this Court in cases of admiralty and maritime jurisdiction may issue against the defendant(s) citing it to appear and answer all the singular matters aforesaid;

D. That plaintiff have such other and further relief in the premises as in law and justice it may be entitled to receive.

**LAW OFFICES OF BRYAN D. PRESS**

BY:  /s/  BRYAN D. PRESS, ESQ.
     BRYAN D. PRESS - BP0286
     Attorney for Plaintiff
     PO Box 246
     Fair Lawn, NJ  07410
Dated:  October 10, 2022     (201) 532-3477